UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PROTECT THE PENINSULA'S FUTURE; COALITION TO PROTECT PUGET SOUND HABITAT; and BEYOND PESTICIDES,<br><br>             Plaintiffs,<br><br>    v.<br><br>DEB HAALAND, SECRETARY OF THE INTERIOR; UNITED STATES FISH AND WILDLIFE SERVICE; MARTHA WILLIAMS, DIRECTOR OF UNITED STATES FISH AND WILDLIFE SERVICE; HUGH MORRISON, REGIONAL DIRECTOR OF THE PACIFIC REGION; and JENNIFER BROWN SCOTT, PROJECT LEADER, WASHIN,<br><br>             Defendants. | CASE NO. CV23-5737-BHS<br><br>ORDER |

This matter is before the Court on the Jamestown S'Klallam Tribe's motion for limited intervention. Dkt. 29.

Jamestown seeks to intervene for the limited purpose of moving to dismiss plaintiffs' claim, without waiving their sovereign immunity. They contend "this case

ORDER - 1

1  directly impacts their fundamental legal and pecuniary interests," namely their right to
2  operate an oyster farm within the Dungeness National Wildlife Refuge. Jamestown
3  asserts it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure
4  24(a)(2). It also argues that should be permitted to intervene under Rule 24(b)(1)(B)
5  because it "has a defense to the action, which is the fact that it is a necessary party that
6  cannot be joined due to sovereign immunity." Dkt. 29 at 7.

7      Defendants take no position on Jamestown's Limited Intervention but reserve the
8  right to respond to proposed-Intervenor's motion to dismiss if filed. Dkt. 36.

9      Plaintiffs contend that Jamestown does not qualify for intervention as a matter of
10 right. They argue Jamestown does not have a "protectable interest" related to plaintiffs'
11 claims and that disposition of the action will not impede Jamestown's ability to protect
12 the interests they assert. Dkt. 38 at 6, 13. They emphasize that the oyster farm is not
13 within Jamestown's reservation and argue that Jamestown's "interest in barring the
14 Service from engaging in discreet, non-discretionary Federal law mandates is not an
15 interest that is 'protectable under law.'" *Id*. at 10. Plaintiffs concede that the Court can
16 permit intervention "to the extent that [Jamestown] has certain legal claims or defenses
17 that it wants to present to this court." *Id*. at 1.[1]

18     A court must grant intervention as a matter of right under Rule 24(a)(2) if the
19 nonparty meets four requirements: (1) the motion is timely; (2) the applicant has an

---

[1] Plaintiffs also state that if the Court allows Jamestown to intervene and file its motion to dismiss, "Plaintiffs would like to engage in limited discovery on the issues presented in that motion, such as waiver of sovereign immunity." Dkt. 38 at 14. Plaintiffs should file that request as a separate motion.

ORDER - 2

interest relating to the property or transaction that is the subject of the action; (3) the applicant is situated such that disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest is not adequately represented by other parties. Fed. R. Civ. P. 24(a)(2). The Ninth Circuit interprets these requirements "broadly" and favors intervention. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

Jamestown satisfies the requirements to intervene as a matter of right. It is uncontested that its motion was timely (factor 1) and that no other parties adequately represent its rights (factor 4). Regarding the second factor, Jamestown clearly has an interest relating to the property that is the subject of the action. Jamestown leased the tidelands at issue, and the Service must conduct a compatibility determination for Jamestown's oyster farm. Dkt. 29 at 13. In addition to their lease, Jamestown also asserts it has treaty rights to the oyster operation at issue. *Id*. Contrary to Plaintiffs' arguments, the fact that Jamestown does not own the tidelands outright is not fatal to its right to intervene. The Tribe's treaty rights and its property interests are separately sufficient for it to intervene as a matter of right under Rule 24(a)(2). *See Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1482-83 (9th Cir. 1993) *abrogated on other grounds by Wilderness Soc.*, 630 F.3d 1173 (9th Cir. 2011) (property interests were "protectable" for mandatory intervention "where the lawsuit would affect the use of real property owned by the intervenor by requiring the defendant to change the terms of permits it issues to the would-be intervenor."). Jamestown satisfies the third factor because disposition of this matter, which includes the potential for a ruling that implicates their rights to operate the

oyster farm, impacts the Tribe's leasehold and their property interests in the farm. Although the parties are welcome to contest the nature and extent of Jamestown's treaty rights and leasehold on the merits, Jamestown has done all it needs at this juncture to intervene as a matter of right.

## I. ORDER

Therefore, it is hereby **ORDERED** that Jamestown's motion for limited intervention, Dkt. 29, is **GRANTED**.

Dated this 12th day of November, 2024.

BENJAMIN H. SETTLE
United States District Judge